# United States District Court
# District of Massachusetts

WILLIE J. McCREARY II,
  PLAINTIFF,

v.

JUDGE ANNE GEOFFRION, JUDGE
MARIE LYONS, ATTORNEY NANCY D.
O'CONNOR,
  DEFENDANTS.

CIVIL ACTION NO.  05-30053-KPN

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS
## ON BEHALF OF
## DEFENDANT NANCY O'CONNOR

### INTRODUCTION

The pro se complaint requests relief against the Defendants, specifically asking for it "in the form of a civil injunction" and apparently seeks to prohibit his incarceration[1]. The complaint arises out of divorce proceedings in the Hampden County Family and Probate Court, Docket Number 03D-1572. Plaintiff is a defendant in the divorce action initiated by his wife, Linda A. McCreary and names as Defendants two state court Judges who presided at various motions in the proceedings, and the Attorney for plaintiff's wife in the divorce. For the reasons set forth herein, the complaint should be dismissed.  The allegations in the pleadings which refer to Attorney O'Connor are reviewed.

---

[1] While the Defendant Attorney O'Connor is not a state actor, and the request to halt incarceration seems directed at the co-defendants, Defendant calls to the court's attention the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* requires that federal courts not intervene in ongoing state criminal proceedings. *Bettencourt v. Bd. of Registration in Med.*, 904 F.2d 772, 777 (1st Cir.1990). Deference is also required to "ongoing, originally state-initiated *civil* or even administrative proceedings that satisfy three conditions: (1) the proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they

1

Mr. McCreary alleges he was subjected to an abuse of process and was deprived of his liberty as a result of Attorney O'Connor "constantly asking the court to order" Mr. McCreary to pay Linda McCreary's legal fees. Under Massachusetts laws courts are authorized to award reasonable attorneys fees. As a result, neither the request nor the order would rise to the level of an abuse of process.

Moreover, the complaint alleges that Attorney O'Connor violated Mr. McCreary's civil rights through an "illegal search and seizure" due to her possession of copies of pay stubs received by Attorney O'Connor from Mr. McCreary's wife who removed them from their marital home. Under Massachusetts laws, each party has an automatic discovery duty to provide financial information such as that related to employment records. Moreover, under federal civil rights law Attorney O'Connor is entitled to dismissal of plaintiff's claim if the acts alleged to have been committed by her were not under color of state law. Claims under 42 U.S.C. § 1983 apply only to actions taken under color of state law. As a private attorney or even as a court-appointed attorney performing a lawyer's traditional functions, and upon which the complaint is based, Attorney O'Connor did not act under the color of state law. See *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (public defenders do not "act under color of state law when performing a lawyer's traditional functions as counsel to defendant in a criminal proceeding.")

Mr. McCreary also alleges that during a hearing where the court admonished Mr. McCreary for failing to produce financial records, he asked Judge Lyons to stop yelling at him, and that Attorney O'Connor "lied" to the court when she agreed in the affirmative when Judge Lyons asked Attorney O'Connor if she felt Judge Lyons had "yelled" at Mr. McCreary and Attorney O'Connor replied, "No, you didn't your honor".

---

provide an adequate opportunity to raise federal constitutional challenges," *Id.* (footnote omitted).

The correct standard for assessing the sufficiency of the instant complaint, is whether, accepting the factual allegations in the complaint as true and construing them in the light most favorable to plaintiff, the complaint shows any set of facts which could entitle plaintiff to relief. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). The present claims against Attorney O'Connor do not state a claim upon which relief may be granted and should be dismissed pursuant to motion to dismiss under Mass. P. Civ. P. 12(b)(6).

### 1. **The complaint fails to comply with the rules of pleading.**

The complaint is not in the standard form typical of federal court pleadings as it fails to comply with the requirements of Rule 8(a) and Rule 12(b)(6) Fed. R. Civ. P. Even with the most lenient reading this pro se complaint and its disjointed factual references does not serve as a short and plain statement of any legal claim. *Fisher v. Flynn,* 598 F.2d 663 (1st Cir. 1979); *McDonald v. Hall,* 610 F.2d 16, 17 (1st Cir. 1979).

For example, no statutory basis for jurisdiction is alleged. However, from the references in the pleadings to "due process", "equal protection" "liberty", and "illegal search and seizure" it is assumed that the complaint seeks relief under 42 U.S.C. §1983[2]. Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation. See *Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir. 1977); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir. 1976). There are no numbered paragraphs to refer to, but the allegations outlined above which refer to Defendant O'Connor are plainly of the invalid conclusory variety, merely reflecting plaintiff's subjective characterization of Defendan's motives and actions, and insufficient to sustain an action in this court.

---

[2] The motion for an injunction refers to the fact that the "court" exhibited a "bias/prejudice" due to the Defendant's status as pro se, an African-American and a male. No similar allegations are alleged towards Attorney O'Connor.

2. **The civil rights claims against Attorney O'Connor must be dismissed due to the lack of state action.**

Injunctive relief or money damages for constitutional torts, are available remedies in civil actions pursuant to 42 U.S.C. § 1983 which provides in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

It is well settled that 42 U.S.C. § 1983 claims are cognizable only for constitutional violations committed by persons acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981). A jurisdictional requisite for a 42 U.S.C. § 1983 action is that the alleged wrongdoer was acting under color of state law. An attorney, even if appointed to represent an indigent client is not, simply by virtue of a court appointment, acting under color of law. The United States Supreme Court has held that "the duties of a defense lawyer are those of a personal counselor and advocate[,]" who, although clearly an officer of the court, is not a state actor and, in performing the functions of a defense attorney, does not act under color of law within the meaning of 42 U.S.C. § 1983. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509, 516 (1981). Further, in *Page v. Sharpe,* 487 F.2d 567 (1st Cir.1973), the First Circuit declared that "even under state court appointments, the courts have uniformly held that an attorney, whether appointed or retained, is not acting under color of law." *Id.* at 570 (citing *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir.1972); *French v. Corrigan,* 432 F.2d 1211, 1214 (7th Cir.1970), *cert. denied,* 401 U.S. 915,

4

91 S.Ct. 890, 27 L.Ed.2d 814 (1971), and *Mulligan v. Schlachter,* 389 F.2d 231, 233 (6th Cir.1968). In representing an accused, "a defense lawyer characteristically opposes the designated representatives of the State." *Polk County,* 454 U.S. at 318, 102 S.Ct. at 450, 70 L.Ed.2d at 516. State action is never implicated in the privately retained defense counsel relationship and while the complaint does not refer to private retention or public appointment, there can be no action here by Attorney O'Connor that would rise to the level of state action sufficient to invoke the provisions of 42 U.S.C. § 1983. Thus, the court should properly dismiss the complaint for failure to meet a jurisdictional prerequisite of state action sufficient to invoke the provisions of 42 U.S.C. § 1983. In the alternative, should this court rule that, Defendant Attorney O'Connor is potentially liable for constitutional or civil rights violations, Defendant reserves her rights to challenge at a subsequent motion to dismiss or for summary judgment both procedurally and upon the merits, whether any deprivation occurred or was caused by Defendant once the basis of such allegations are further clarified or specified, as well as the issue of whether the Defendant is entitled to immunity.

3.  **The claim of abuse of process must be dismissed as the allegations fail to rise to a level sufficient to meet the elements of the claim.**

The instant case alleges "abuse of process", which, at common law, comprises the following elements: "(1) "process" was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." *Gutierrez v. Massachusetts Bay Transp. Authy.,* 437 Mass. 396, 407, 772 N.E.2d 552 (2002), *S.C.,* 442 Mass. 1041, 817 N.E.2d 738 (2004), quoting from *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775- 776, 489 N.E.2d 185 (1986). The tort has been described as usually involving a form of coercion to obtain collateral advantage not properly involved in the proceeding itself, similar to extortion. See *Powers v. Leno,* 24 Mass.

5

App. Ct. 381, 383-384, 509 N.E.2d 46 (1987), and authorities cited. It is sometimes said that "[t]he subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed...." *Kelley v. Stop & Shop Cos.,* 26 Mass. App. Ct. 557, 558, 530 N.E.2d 190 (1988), quoting from Restatement (Second) of Torts § 682, comment a (1977). It is immaterial to an abuse of process claim that the process was properly issued, that it was obtained in connection with a proceeding brought with probable cause, or that the proceeding terminated in favor of its proponent. *Gutierrez v. Massachusetts Bay Transp. Authy., supra* at 408, 772 N.E.2d 552.

Here, the complaint alleges that the motion for attorneys fees was an abuse of process, but fails to allege any ulterior motive by the Defendant Attorney. Moreover, there is no allegation as to how the filing of such a motion was somehow in bad faith or without a factual basis. Even if it had, the "mere commencement of litigation to enforce a claim which the person commencing the litigation knows or reasonably should have known to be groundless" does not constitute abuse of process without proof of an "ulterior purpose."

Not only is there no allegation of the motion as being groundless, but there is no allegation that it was aimed at any other purpose than prosecuting the divorce, nothing more or different. There was no perversion of process to achieve an extraneous end. "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions"; the case is otherwise where there is a "form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion...." Prosser & Keeton, Torts § 121, at 898 (1984) (footnote omitted).

6

There can be no doubt that the present case is well on the side of privilege. Compare decisions where abuse has been found, *White v. Apsley Rubber Co.,* 181 Mass. 339, 341, 63 N.E. 885 (1902); *Malone v. Belcher,* 216 Mass. 209, 210-212, 103 N.E. 637 (1913); *Reardon v. Sadd,* 262 Mass. 345, 348, 159 N.E. 751 (1928); *Jacoby v. Spector,* 292 Mass. 366, 369, 198 N.E. 157 (1935); *Lorusso v. Bloom,* 321 Mass. 9, 10, 71 N.E.2d 218 (1947), with those holding to the contrary, *Gabriel v. Borowy,* 324 Mass. 231, 236-237, 85 N.E.2d 435 (1949); *Noyes v. Shanahan,* 325 Mass. 601, 604-605, 91 N.E.2d 841 (1950); *Quaranto v. Silverman,* 345 Mass. 423, 426-428, 187 N.E.2d 859 (1963); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 390-391, 340 N.E.2d 484 (1975); *Beecy v. Pucciarelli,* 387 Mass. at 596, 441 N.E.2d 1035 (1982); *Chemawa Country Golf, Inc. v. Wnuk,* 9 Mass.App. 506, 508-509, 402 N.E.2d 1069 (1980).

Abuse of process cases, like actions for malicious prosecution, are "not to be favored and ought not to be encouraged". *Wingersky v. E.E. Gray Co.,* 254 Mass. 198, 201 [150 N.E. 164] (1926),(cited with approval in *Cohen v. Hurley,* 20 Mass. App. Ct. 439, 480 N.E.2d 658 (1985)) and that were the rule otherwise, "many honest litigants would be deterred from invoking the aid of the courts for fear of subjecting themselves to a law suit in return." *Hubbard v. Beatty & Hyde, Inc.,* 343 Mass. 258, 262-263, 178 N.E.2d 485 (1961).

**CERTIFICATE OF SERVICE**
I, Edward M. Pikula, hereby certify that I served the foregoing by hand-delivery or mailing a copy, First Class Mail, postage prepaid, this date to:
**Willie J. McCreary, II**
17 Daytona Street
Springfield, MA 01108
PRO SE
**William P. O'Neil**
Office of the Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Edward M. Pikula, Esq.
SIGNED under the pains and penalties of perjury.
Dated: March 21, 2005

Respectfully submitted,

Defendant Nancy D. O'Connor
By her Attorney

Edward M. Pikula, Esq.
BBO#399770
O'CONNOR, MARTINELLI, CULLINAN & PIKULA
1391 Main Street – Suite 1022
Springfield, Massachusetts 01103
Telephone:   (413) 781-5311
Telefax:     (413) 746-2707

7