UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE J. McCEARY II<br>        Plaintiff,<br>v.<br>JUDGE ANNE GEOFFRION and<br>JUDGE MARIE LYONS<br>        Defendants. | CIVIL ACTION<br>NO. 05-30053-KPN |

### DEFENDANTS JUDGE ANNE GEOFFRION AND JUDGE MARIE LYONS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

#### INTRODUCTION

The Defendants Judge Anne Geoffrion and Judge Marie Lyons (the Defendants) have moved this Court to dismiss the above-entitled action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants state that all of their alleged actions, as recounted in the Plaintiff's Complaint and Amended Complaint, were taken within the scope and course of their duties and employment as judges in the Hampden Probate Court of the Department of the Trial Court for the Commonwealth of Massachusetts. As state court judges, the Defendants are entitled to judicial immunity for their judicial actions.

#### FACTUAL BACKGROUND

The Plaintiff's Complaint makes a number of allegations against both Judge Geoffrion and Judge Lyons.[1] It appears that the Plaintiff is a *pro se* defendant in a divorce proceeding in Hampden Probate Court, Docket No. 03D-1572, entitled Linda A. McCreary vs. Willie J. McCreary.

---

[1] Both the Complaint and Amended Complaint are presented with unnumbered paragraphs and pages. References will be made to the approximate location of each allegation.

1

(Complaint, first page, lines 5-6). Apparently the case was assigned to Judge Geoffrion for custody and support issues in February and April of 2004. (Complaint, first page, lines 9-17; second page, lines 1- 5). After a ruling by Judge Geoffrion granting custody and support to the Plaintiff's wife, the plaintiff filed a Motion for Recusal of Judge Geoffrion and a complaint with the Massachusetts Commission on Judicial Conduct. (Complaint, second page, lines 5-9). Apparently as a result of the Motion for Recusal, the case was assigned to Judge Lyons in June 2004. (Complaint, second page, lines 12 - 15).

The attorney for the Plaintiff's wife apparently brought a series of enforcement actions for various probate court orders that came for hearing before Judge Lyons in September 2004. (Complaint, second page, lines 16 - 23). As a result of a hearing on the enforcement orders, the Plaintiff was ordered to produce certain financial records by October 13, 2004. (Complaint, third page, lines 1 - 12) The Plaintiff filed another Motion for Recusal of Judge Lyons and another complaint with the Massachusetts Commission on Judicial Conduct. (Complaint, third page, lines 13 - 15) Judge Lyons denied the Motion to Recluse. (Complaint, third page, line 18)

Subsequently, a Contempt Complaint was brought against the Plaintiff for failure to provide child support. (Complaint, fourth page, last line; fifth page lines 1 - 13). After a hearing before Judge Lyons in February 2005, the Plaintiff was found in contempt of the Probate Court order for child support. (Complaint, fifth page, line 16). He was sentenced to 120 days of work release at the Hampden House of Correction. (Complaint, fifth page, line 16) The Defendant was given the opportunity to avoid the contempt by making payment by February 24, 2005. (Complaint, fifth page, line 16)

The Plaintiff filed an Amended Complaint[2] in this Court after a subsequent hearing in the Probate Court on the contempt proceeding. (Amended Complaint, first page, line 1) The principal issue at this contempt hearing appears to have been the valuation of real estate owned by the Plaintiff and his ability to pay both child support and make up the child support arrearages. (Amended Complaint, first page, lines 20 -26)

As a result of the actions by Judge Geoffrion and subsequently by Judge Lyons in his divorce case, the Plaintiff alleges that his constitutional rights to due process and equal protection have been violated. He cites three reasons in support of this contention. (Complaint, seventh page, lines 3 -9) The Plaintiff alleges that the Defendants have exhibited bias or prejudice against him because he represents himself, because he is an African American and because he is male. (Complaint, seventh page, lines 3 -9) The Plaintiff further alleges that the Defendants are guilty of not protecting his rights. (Complaint, seventh page, lines 10 - 11) He further alleges irreparable harm for several contingent reasons if he is sentenced to 120 days of work release for his contempt of the child support order. (Complaint, seventh page, lines 17 - 21). The Amended Complaint seeks compensatory and punitive damages against the Defendants. (Amended complaint, page two, lines 20 - 24)

## ISSUE

Are the Defendants immune from liability for their actions as state court judges?

## ARGUMENT

The principle of judicial immunity has been long a part of the common law in this country.

---

[2] The Amended Complaint appears to be a continuation of the Probate Court proceedings rather than an amendment to the original complaint.

The rationale for judicial immunity was succinctly stated by the Supreme Court of the United States in the early case of *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L. Ed. 646 (1871). The Supreme Court stated that a judicial officer, in exercising the authority vested in him or her, was to be free to act upon his/her own convictions, without apprehension of personal consequences to him/herself. Any liability to answer to everyone who might feel himself aggrieved by the action of the judge would be inconsistent with the possession of judicial freedom, and would destroy that judicial independence without which no judiciary would be either respected or useful. If civil actions could be maintained against a judge, because the losing party would see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, then the protection essential to judicial independence would be swept away. *See Bradley v. Fisher* 80 U.S. (13 Wall.) 335, 347- 348, 20 L. Ed. 646 (1871)

The Supreme Court clearly dispelled any doubts that the principle of judicial immunity extended to actions brought under 42 U.S.C. § 1983 for civil rights violations in *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed.2d 288 (1967). Citing *Bradley v. Fisher, supra.*, the Supreme Court concluded that judicial immunity was a defense under a § 1983 action.

Despite this fundamental purpose, the doctrine of judicial immunity is not absolute and unlimited. It does not immunize every state court judge in every lawsuit. For example, there is no official immunity from criminal liability. *O'Shea v. Littleton*, 414 U.S. 488, 503, 94 S. Ct. 669, 38 L. Ed.2d 674 (1974). In addition, federal courts have held that application of the doctrine is restricted to instances where judges are faced with suits involving their judicial conduct as opposed to ministerial or administrative duties, and the immunity applies only when officials are sued for damages. *Doe v. County of Lake, Indiana*, 399 F. Supp. 553, 556 (1975) Finally, a judge is not

4

immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. at 356-357, 98 S. Ct. at 1104-1105; *Bradley v. Fisher*, 13 Wall., at 351.

All of the allegations by the Plaintiff against the Defendants deal with their judicial duties. It appears that all of the Defendants' actions concerning the Plaintiff occurred during hearings in open court. While the Plaintiff may disagree with the results of such hearings, there is no indication in the Complaint that either of the Defendants' actions were related to any ministerial or administrative duties. The questions in determining the applicability of judicial immunity are whether the nature of the act by the judge is one normally performed by a judge and whether the parties involved dealt with the judge in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099 (1978)

All of the Defendants' actions in this case qualify as judicial actions. As Probate Court judges, the Defendants clearly have the authority and jurisdiction to deal with issues of custody and child support. See Massachusetts General Laws c. 215, § 6. They also have the inherent authority to enforce those orders. The Plaintiff does not appear to allege that the Defendants exceeded their authority, but merely that he disagrees with the result of the Defendants' rulings in his case. The Defendant further alleges bias toward him because of his status as an African-American male representing himself in a divorce case, but cites no instances where either of the Defendants made any rulings based on any of those factors.

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith

or malice. *Pierson v. Ray,* 386 U.S. at 554, 87 S. Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also Harlow v. Fitzgerald,* 457 U.S. 800, 815-819, 102 S. Ct. 2727, 2736-2739, 73 L. Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).

All of the actions taken by the Defendants in regard to the Plaintiff were taken in their capacities as judges in a divorce case. While the Plaintiff may disagree with their rulings, there is no indication that any of the Defendants' actions were other than that which normally would occur in a contested divorce case. Clearly there is no indication that any of the Defendants' actions were taken as a result of the Plaintiff's race, gender or self-representation.

## CONCLUSION

Since the Defendant judges are immune for their judicial actions taken in the course of valid Probate Court proceedings, the Plaintiff's Complaint and Amended Complaint should be dismissed.

Respectfully submitted,
The Defendants
By their Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244