# United States District Court
# District of Massachusetts

WILLIE J. McCREARY II,

           PLAINTIFF,

     v.

JUDGE ANNE GEOFFRION, JUDGE
MARIE LYONS, ATTORNEY NANCY D.
O'CONNOR,

           DEFENDANTS.

CIVIL ACTION NO. 05-30053-KPN

## MOTION TO STRIKE
## AMENDED COMPLAINTS

Now comes the Defendant, ATTORNEY NANCY D. O'CONNOR, and moves this honorable court, pursuant to Fed. R. Civ. P. 12(f) to strike the amended complaints filed by the Plaintiff.

As grounds therefore, Defendant states that the plaintiff failed to comply with the requirements of Rule 15 of the Fed. R. Civ. Pro., which requires leave of court or written consent before filing amendments to a complaint.

Moreover, such pleadings fail to comply with the requirements of Rule 8 of the Fed. R. Civ. P. The First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers, *Sissbaro v. Warden, Massachusetts State Penitentiary,* 592 F.2d 1, 2 (1st Cir.), *cert. denied,* 440 U.S. 849, 100 S. Ct. 99, 62 L.Ed.2d 64 (1979) but this cannot be taken to mean that pro se complaints are held to no standard at all. The controlling rule requires a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which

1

contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed...." *Prezzi v. Berzak,* 57 F.R.D. 149, 151-152 (S.D.N.Y.1972).

Moreover, the pleadings are "redundant, immaterial, impertinent, or scandalous" and therefore subject to being stricken pursuant to the Rule. Specifically, it is clear from the pleadings filed by plaintiff that Defendant O'Connor has done nothing more that her job to represent Mrs. McCreary in an ethical and zealous manner. Mr. McCreary is pursuing a method of defense based on making it difficult for a lawyer to be involved. While any case can be difficult, where a pro se litigant is involved, it can be even more so. Particularly where, as here, the plaintiff is trying to "judge shop" by raising spurious rambling claims in an effort to avoid valid court orders and to attempt to intimidate the parties from pursuing their rights before the court. Additionally, the plaintiff has failed to respond to the Defendant's motion to dismiss within the time provided, and therefore the complaint should be dismissed.

Respectfully submitted,

/s/

Edward M. Pikula, Esq.
BBO#399770
O'CONNOR, MARTINELLI, CULLINAN &
PIKULA
1391 Main Street – Suite 1022
Springfield, Massachusetts 01103
Telephone:    (413) 781-5311
Telefax:    (413) 746-2707

**CERTIFICATE OF SERVICE**
I, Edward M. Pikula, hereby certify that I served the foregoing by hand-delivery or mailing a copy, First Class Mail, postage prepaid, this date to:
**Willie J. McCreary, II**
17 Daytona Street
Springfield, MA 01108
PRO SE
**William P. O'Neil**
Office of the Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Edward M. Pikula, Esq.
SIGNED under the pains and penalties of perjury.
Dated:  April 26, 2005

2